**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY G. ASH,

Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant - Appellee.

No. 14-35475

D.C. No. 3:12-cv-02017-RE

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
James A. Redden, District Judge, Presiding

Submitted February 8, 2017**

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Nancy G. Ash appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *see Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The administrative law judge (ALJ) did not err in finding that Ash's testimony about her pain and other symptoms was "less than credible."  The ALJ provided two specific, clear and convincing reasons for her credibility finding by referring to (1) medical evidence that was inconsistent with Ash's testimony and (2) evidence that Ash's medications had been "relatively effective" in controlling her symptoms.  *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).  Any error in the ALJ's third reason—Ash's failure to receive the medical care one would expect for a totally disabled individual— was therefore harmless in light of the two other, valid reasons for the ALJ's credibility finding.  *See Molina*, 674 F.3d at 1122.

Ash contends that the ALJ's credibility finding was inadequate because the ALJ used circular reasoning in finding that Ash's statements were not credible "to the extent they [were] inconsistent with the . . . residual functional capacity assessment."  This contention lacks merit because the ALJ proceeded to give specific reasons for the credibility finding.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

Further, the ALJ erred in failing to address the lay witness's statement, but this error was harmless because the witness did not describe any limitations beyond those that Ash described herself. *See Ghanim*, 763 F.3d at 1165; *Molina*, 674 F.3d at 1122.

**AFFIRMED.**